## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| TROY K. SCHEFFLER, *and all other persons similarly situated*, | Civil No. 15-3340 (JRT/FLN) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE** |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant. | |

Peter J. Nickitas, 431 South 7th Street, Suite 2446, Minneapolis, MN 55415, for Plaintiffs.

Edwin H. Caldie III, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, and Misty L. Peterson and Zachary A. McEntyre, **KING & SPAULDING LLP**, 1180 Peachtree Street N.E., Atlanta, GA 30309, for Defendant.

Plaintiff Troy Scheffler brings this consumer class action against Defendant Equifax Information Services, LLC, ("Equifax"), alleging that Equifax violated various provisions of the Fair Credit Reporting Act ("FCRA"). Scheffler alleges both individual claims and class claims, some of which involve only statutory violations of the FCRA. On November 5, 2015, United States Magistrate Judge Franklin L. Noel issued an order staying the case pending the resolution of two cases currently before the United States Supreme Court. In those cases, the Supreme Court will address whether a consumer-plaintiff has standing to maintain claims based solely on statutory violations of the FCRA, and whether a class may be certified if purported members suffered no injuries.

Scheffler now appeals and moves to vacate the Magistrate Judge's order staying the case. Scheffler also moves to supplement the record with additional evidence in support of his appeal and motion to vacate. Because the outcome of the Supreme Court cases will directly impact this action, the stay will not irreparably harm Scheffler, and the stay both conserves judicial resources and properly balances the rights of the parties, the Court concludes that the Magistrate Judge's order staying the case was not clearly erroneous. Accordingly, the Court will overrule Scheffler's appeal, deny his motion to vacate, deny as moot his motion to supplement the record, and affirm the order of the Magistrate Judge.

## BACKGROUND

Equifax is a national credit reporting agency that compiles and reports credit information on consumers. Scheffler brings this action against Equifax, asserting eleven causes of action for violations of the FCRA. (Second Am. Compl. ¶¶ 61-106, Oct. 18, 2015, Docket No. 37.) In his complaint, Scheffler alleges that he contacted Equifax on several occasions to dispute the accuracy of two public records and several inquiries appearing on his credit report. (*Id.* ¶¶ 7, 15, 19, 30.) According to Scheffler, Equifax violated various provisions of the FCRA by failing to properly investigate and reinvestigate his dispute, failing to ensure the accuracy of his credit report, failing to report his dispute to the pertinent credit furnishers, failing to consider information relevant to his dispute, and ultimately failing to remove the public records and inquiries

from his credit report.  (*Id.* ¶¶ 64-66, 76-81, 82-92.)    Because of Equifax's purported

misconduct, Scheffler alleges that he suffered harm to his credit score.  (*Id.* ¶¶ 38-39.)

Scheffler also alleges that Equifax failed to comply with various procedural

requirements mandated by the FCRA, including failing to make a notation on his credit

report indicating that he was disputing specific information, failing to disclose the source

of information on his credit report, failing to include a summary of his rights in

correspondence that it sent to him, and failing to describe its reinvestigation procedure.

(*Id.* ¶¶ 61-63, 67-70, 71-75, 93-98.)

Finally, Scheffler alleges that Equifax misrepresented its investigation procedure.

(*Id.* ¶¶ 99-103.)  Scheffler asserts that he received a letter from Equifax in which Equifax

falsely stated that it had directly contacted the original source of his public records, when

in fact it had not.  (*Id.* ¶¶ 40.2, 103.)  Scheffler makes this allegation individually and on

behalf of a class comprising other Minnesota consumers who received a similar letter.

(*Id.* ¶¶ 41, 46.)

On October 12, 2015, Equifax moved to stay the case pending the outcome of two

cases currently before the United States Supreme Court:  *Robins v. Spokeo, Inc.*, 742 F.3d

409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015), and *Tyson Foods, Inc. v.*

*Bouaphakeo*, 765 F.3d 791 (8th Cir. 2014), *cert. granted*, 135 S. Ct. 2806 (2015).  (Def.'s

Mot. to Stay, Oct. 12, 2015, Docket No. 29.)  Equifax argued that a stay was appropriate

because these cases will resolve questions germane to this action – whether a plaintiff has

Article III standing and whether a class action can be certified based solely on technical

violations of a federal stature.  In *Spokeo*, the question before the Supreme Court is

- 3 -

"[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."  Petition for a Writ of Certiorari, *Spokeo*, 135 S. Ct. 1892 (No. 13-1339), 2014 WL 1802228, at *i.  In *Tyson Foods*, the question before the Supreme Court is "[w]hether a class action may be certified or maintained under Rule 23(b)(3) . . . when the class contains hundreds of members who were not injured and have no legal right to any damages."  Petition for a Writ of Certiorari, *Tyson Foods*, 135 S. Ct. 2806 (No. 14-1146), 2015 WL 1285369, at *i.

On November 5, 2015, the Magistrate Judge issued an order staying the case pending the outcome of *Spokeo* and *Tyson Foods*.  (Order, Nov. 5, 2015, Docket No. 45.) The Magistrate Judge noted that only one of Scheffler's individual claims appeared to allege an actual injury, meaning that *Spokeo* could directly impact Scheffler's standing. (*Id.* at 4-5.)  The Magistrate Judge also noted that Scheffler's proposed class includes members who did not suffer concrete injuries, meaning that *Tyson Foods* could directly impact class certification.  (*Id.*)  Given the potential impact of these Supreme Court cases, the Magistrate Judge concluded that a stay was proper.  (*Id.* at 7.)  In support of this conclusion, the Magistrate Judge found that: (1) a stay would not irreparably harm Scheffler because he seeks only money damages and has an adequate remedy at law, (2) the stay will be short because the cases will be decided within the next few months, (3) the stay will conserve judicial resources because it will prevent the Court and parties from spending time and effort on matters that may turn out to be unnecessary, (4) and the

majority of courts facing the same or similar situation with respect to *Spokeo* and *Tyson Foods* have also granted a stay.  (*Id.* at 4-7.)

On November 15, 2015, Scheffler both appealed and moved to vacate the Magistrate Judge's order staying the case.  (Pl.'s Mot. to Vacate, Nov. 15, 2015, Docket No. 46; Pl.'s Appeal to District Judge, Nov. 15, 2015, Docket No. 47.)  Additionally, on December 11, 2015, Scheffler moved to supplement the record with additional evidence in support of his appeal and motion to vacate.  (Pl.'s Mot. to Suppl. R., Dec. 12, 2015, Docket No. 52.)

## DISCUSSION

## I.      STANDARD OF REVIEW

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential."  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  For an order to be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been committed."  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

## II.     SCHEFFLER'S APPEAL AND MOTION TO VACATE

This Court has the inherent power to stay proceedings of an action to control its docket, to conserve judicial resources, and to ensure that each matter is handled "with

economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *Lunde v. Helms,* 898 F.2d 1343, 1345 (8th Cir. 1990) (noting that power to stay proceedings is incidental to court's power to manage its docket); *Kemp v. Tyson Seafood Grp., Inc.,* 19 F. Supp. 2d 961, 964 (D. Minn. 1998). The party moving "for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (citing *Landis*, 299 U.S. at 254-56, 57), *aff'd*, 520 U.S. 681 (1997). The Court will also "weigh the competing interests of the parties, and the hardship or inequity a party may suffer if a stay is granted." *In re Hanson*, No. 13-2991, 2013 WL 6571594, at *1 (D. Minn. Dec. 13, 2013) (quoting *Robinson v. Bank of Am., N.A.,* No. 11-2284, 2012 WL 2885587, at *1 (D. Minn. July 13, 2012)).

Scheffler appeals and moves to vacate the Magistrate Judge's order staying the case on two main grounds. First, Scheffler argues that the stay of his individual claims should be lifted because the stay is causing him irreparable harm. Scheffler contends that the Court, at a minimum, should tailor the stay in the least restrictive manner by allowing his individual claims that are unaffected by *Spokeo* to proceed forward. Scheffler's second argument is that the stay should be lifted with respect to the class claims because (1) those claims do allege a concrete injury, and (2) the matter will not be ripe for a class certification motion until after the Supreme Court decides *Spokeo* and *Tyson Foods*.

Having considered Scheffler's arguments, the Court finds that the Magistrate Judge's order staying the case was not clearly erroneous. *Spokeo* and *Tyson Foods* will indeed directly impact the outcome of this case. At least five of Scheffler's individual

causes of action, and perhaps more, appear to constitute only technical violations of the FCRA, unconnected to any concrete injury.   This includes Scheffler's claims that Equifax: (1) failed to make a notation on his credit report indicating that he was disputing specific information (first cause of action), (2) failed to disclose the source of information in his credit report (third cause of action), (3) failed to include a summary of his rights in correspondence that it sent to him (fourth cause of action), (4) failed to describe its reinvestigation procedure (ninth cause of action), and (5) misrepresented its reinvestigation procedure and results (tenth cause of action).[1]   Depending on the outcome of *Spokeo*, Scheffler could lose standing to assert these claims.   Furthermore, as the Magistrate Judge noted, Scheffler's proposed class includes members who appear to have suffered only technical violations of the FCRA.   Scheffler purports to represent individuals who received letters from Equifax containing misleading information regarding its investigation procedure.   But, Scheffler does not seem to connect this misleading letter to any cognizable injury-in-fact.   Thus, the outcome of *Tyson Foods* could affect class certification in this case.

Moreover, the stay will not result in hardship or inequity.   Scheffler argues that the stay will cause him irreparable harm because Equifax has stopped reporting his credit in response to this lawsuit.   According to Scheffler, this conduct makes it seem as if he has no credit history, leads to "hard inquiries" that lower his credit score, and makes it more difficult for him to obtain credit.   Scheffler has moved to supplement the record with

---

[1] The Court notes, without deciding, that Scheffler's second, fifth, seventh, and eighth causes of action do appear to allege a concrete injury.

evidence purportedly proving this harm.[2]   Yet even if the Court were to grant Scheffler's

motion to supplement the record and find that Equifax harmed him by not reporting his

credit, this would be insufficient to justify lifting the stay because Equifax has already

agreed to put Scheffler's "credit file back online."   (Def.'s Letter to District Judge at 2

n.2, Dec. 10, 2015, Docket No. 51.)   Thus, there is no ongoing risk of harm.[3]   And,

Scheffler cannot otherwise show irreparable harm because he seeks only money damages

and has an adequate remedy at law.   *See Adam-Mellang v. Apartment Search, Inc.*, 96

F.3d 297, 300 (8th Cir. 1996).

Finally, as the Magistrate Judge pointed out, a stay will conserve judicial

resources.   If the case is not stayed, the Court and the parties may spend time and effort

on claims that later become moot.   As noted above, Scheffler argues that the Court should

tailor the stay in the least restrictive manner by allowing his individual claims that are

unaffected by *Spokeo* to proceed forward.   But this is not even a less restrictive

alternative because all of Scheffler's claims arise from the same general facts, and

judicial economy favors trying everything at once.   Additionally, even if the class claims

would not be ripe for a class certification motion until after *Tyson Foods* is decided, this

does not change the fact that the parties would still be forced to engage in potentially

---

[2] Scheffler has filed an affidavit, two declarations, a letter to the Court, and several audio recordings containing evidence purportedly proving that Equifax has stopped reporting his credit, causing him irreparable harm.  (Aff. of Troy K. Scheffler, Nov. 24, 2015, Docket No. 50; Decl. of Troy K. Scheffler, Dec. 11, 2015, Docket No. 53; Letter to District Judge, Dec. 22, 2015, Docket No. 55; Decl. of Troy K. Scheffler, Dec. 22, 2015, Docket No. 56.)

[3] This finding of no ongoing harm is premised on Equifax actually putting Scheffler's credit file back online.  If Equifax does not follow through on its representation, the Court will reconsider its decision to stay the case.

unnecessary discovery and class-related proceedings if the stay were lifted. Altogether, Scheffler's delay in pursuing money damages does not outweigh the hardship to Equifax of defending claims that may disappear in a matter of months.

The Court therefore finds no reason to vacate the Magistrate Judge's order staying the case. Although the stay will delay Scheffler's claims that have no relation to *Spokeo* and *Tyson Foods*, the Magistrate Judge did not clearly err in concluding that Equifax has sufficiently demonstrated that it would suffer hardship if a stay is not granted, the stay properly balances the rights of the parties, and the stay serves the interests of judicial economy.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **DENIES** Scheffler's motion to vacate order of Magistrate Judge [Docket Nos. 46], **OVERRULES** Scheffler's appeal/objection [Docket No. 47], and **AFFIRMS** the Order of the Magistrate Judge dated November 5, 2015 [Docket No. 45]. **IT IS HEREBY FURTHER ORDERED** that Scheffler's motion to supplement the record [Docket No. 52] is **DENIED as moot**.


DATED:  February 3, 2016                          ___s/ John H. Tunheim___
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                              Chief Judge
                                                   United States District Court